UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

SK FOODS, L.P., a California
limited partnership, et al.,

        Debtor.

BANK OF MONTREAL, as Administrative
Agent, Successor by Assignment to
Debtors SK Foods, L.P. and RHM
Industry Specialty Foods, Inc.,
a California Corporation, d/b/a           CIV. S-13-0237 LKK
Colusa County Canning Co.,

        Plaintiff,

            v.

CARY SCOTT COLLINS, an individual
doing business as Collins and            O R D E R
Associates; FREDERICK SCOTT SALYER,
an individual, SAS 1999 TRUST;
CGS 1999 TRUST; CGS 2007 TRUST;
STEFANIE A. SALYER, an individual
CAROLINE G. SALYER, an individual,

        Cross-defendants.
_____/

**I.   BACKGROUND**

    This is an Adversary Proceeding within the SK Foods

bankruptcy. It is brought by the Bank of Montreal ("BMO") against

Frederick Scott Salyer and Salyer's accountant, Cary Scott Collins (dba Collins and Associates).  The complaint also names Salyer's daughters, their trust funds and Monterey Peninsula Farming, LLC, as defendants.

The complaint seeks to recover $3.2 million in "apparently improper" tax refunds, which Collins allegedly obtained by filing unauthorized tax returns on behalf of the bankruptcy debtors.  The complaint also seeks to recover ownership in non-party "Cedenco Foods."  The complaint alleges that Salyer and Collins spirited the $3.2 million out of the country, and "transferred ownership" of Cedenco to a "secret trust located in the Cook Islands," in the South Pacific.  Collins answered the complaint on July 30, 2012, and included a demand for a jury trial.

Collins has now moved to withdraw the automatic reference to the Bankruptcy Court, citing his asserted right to a jury trial on Counts One, Two, Four and Nine.  Count One of the complaint seeks the avoidance of the post-petition transfer of the tax refunds, under 11 U.S.C. § 549 (avoidance of post-petition transfers) and Cal. Civ. Code 3439.05 (fraudulent transfer).  Count Two seeks the recovery of the tax refunds from Collins, the transferee, under 11 U.S.C. § 550(a), based upon the avoidance alleged under Section 549.  Count Four seeks a constructive trust to recover Collins' "unjust enrichment" in the amount of the tax refunds. Count Nine seeks to avoid the fraudulent transfer of the ownership of Cedenco, under Cal. Civ. Code § 3439.05.

////

**II. STANDARDS FOR WITHDRAWAL OF THE REFERENCE**

Except as otherwise provided by Congress, the district court has original and exclusive jurisdiction over all cases arising under Title 11.  28 U.S.C. § 1334(a); <u>Stern v. Marshall</u>, 564 U.S. ___, 131 S. Ct. 2594, 2603 (2011).  Congress has empowered the district court to refer to bankruptcy judges any cases arising under that title as well as related proceedings.  <u>See</u> 28 U.S.C. § 157(a).  Under this authority, the Eastern District of California through a General Order adopted by the District Court, has referred all cases under Title 11 as well as related proceedings to the Bankruptcy Judges of the district.  <u>See</u> General Order Nos. 182 (May 14, 1985) & 223 (October 22, 1987).

The Ninth Circuit has recently determined however, that two Supreme Court decisions, <u>Granfinanciera, S.A. v. Nordberg</u>, 492 U.S. 33 (1989), and <u>Stern v. Marshall</u>, 564 U.S. ___, 131 S. Ct. 2594 (2011) make clear that bankruptcy courts do <u>not</u> "have the general authority to enter final judgments on fraudulent conveyance claims asserted against noncreditors to the bankruptcy estate." <u>Executive Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.)</u>, 702 F.3d 553, 565 (9th Cir. 2012).  Accordingly, those claims must normally be determined by the district court.  There are two caveats to this rule, however.

First, defendant can waive its right to have the matter heard and finally determined by the district court, if he fails to "timely" object to the Bankruptcy Court's authority.  <u>Id.</u>, at 568 ("Because EBIA waited so long to object, and in light of its

3

1  litigation tactics, we have little difficulty concluding that EBIA

2  impliedly consented to the bankruptcy court's jurisdiction").

3  Second, even with a timely objection, the Bankruptcy Court is still

4  authorized to hear the matter, and to submit Findings and

5  Recommendations for the district court's de novo review.  Id., at

6  566 ("bankruptcy courts have statutory authority to hear and enter

7  proposed findings of fact and conclusions of law in a fraudulent

8  conveyance proceeding asserted by a bankruptcy trustee against a

9  noncreditor, subject to de novo review by a federal district

10 court").

11 **III. ANALYSIS**

12      Counts One and Nine are fraudulent transfer claims under state

13 law, and thus are governed by the rule of Bellingham.  They may

14 be finally decided only by the district court, absent waiver or

15 consent (including implied consent), by both parties defendant.

16      BMO argues that Collins waived his right to have this matter

17 finally determined by the district court by waiting too long – over

18 six months from his Answer – to file the withdrawal motion, after

19 the Bankruptcy Court had "already invested significant time and

20 effort on this case," and after it had already "entered final

21 judgment" against Collins' co-defendants.  Opposition (ECF No. 6)

22 at 5 (ECF at 8).

23      This court's review of the Bankruptcy Court record shows that

24 Collins answered the adversary complaint on July 30, 2012.  Bankr.

25 Dkt. No. 149.  On August 16, 2013, Collins filed a Status

26 Conference Statement in which he proposed a schedule to proceed in

1  the Bankruptcy Court.  The proposed dates range from May 24, 2013
2  (close of discovery) to August 27, 2013 (final pretrial
3  conference), with a trial date "to be set." Bankr. Dkt. No. 160.
4  The Statement does not indicate any desire to proceed in the
5  district court, but rather contemplates that all proceedings will
6  take place in the Bankruptcy Court.

7      The Bankruptcy Court thereupon issued a Pretrial Scheduling
8  Order with dates ranging from September 28, 2013 (initial
9  disclosures) to June 6, 2013 (final pretrial conference).  The
10 close of discovery was scheduled for March 29, 2013.  Collins did
11 not file any objection, nor advise the Bankruptcy Court or opposing
12 counsel that the Scheduling Order would be meaningless because he
13 intended to move the proceedings to the District Court.  Instead,
14 it appears that he complied with the Scheduling Order by, for
15 example, making his expert disclosures in the Bankruptcy Court, on
16 the date specified in the Scheduling Order.  See Bankr. Dkt. No.
17 210.

18     On February 7, 2013, about two months before the close of
19 discovery in the Bankruptcy Court, and a little over six months
20 after filing his Answer, Collins moved to withdraw the reference.
21 The court finds that Collins' conduct in the Bankruptcy Court
22 waived his right to try the case in the district court, and
23 instead, impliedly consented to trial before the Bankruptcy Court.
24 **IV. CONCLUSION**

25     For the reasons stated above, defendants' Motion To Withdraw
26 the Reference is **DENIED**.

1    IT IS SO ORDERED.

2    DATED:  April 2, 2013.

3

4

5    _____
     LAWRENCE K. KARLTON
6    SENIOR JUDGE
     UNITED STATES DISTRICT COURT
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26